FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 AUG 27 AM 11:13
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EMIL RIVERA-LOPEZ, by his )
executor wife AMANDA BETH )
RIVERA-LOPEZ, individually and )
on behalf of all next of kin; )
J.N.; J.J.; W.W.; M.P.; and C.H.; )
                                             )
    Plaintiffs, )    CASE NO. CV419-211
                                             )
v. )
                                             )
LOCKHEED MARTIN CORPORATION, a )
Maryland corporation doing )
business in Georgia; SIKORSKY )
AIRCRAFT CORPORATION, a Delaware )
corporation; SIKORSKY SUPPORT )
SERVICES, INC., a Lockheed )
Martin Company, a Delaware )
corporation; GENERAL ELECTRIC )
COMPANY, a New York corporation; )
HAMILTON SUNDSTRAND CORPORATION, )
a subsidiary of United )
Technologies Corporation; BOEING )
SIKORSKY AIRCRAFT SUPPORT, LLC, )
a Delaware corporation; SIKORSKY )
AIRCRAFT SERVICES; and THE )
BOEING COMPANY; )
                                             )
    Defendants. )

## O R D E R

Plaintiffs filed this case in this Court on August 23, 2019. (Doc. 1.) Plaintiffs state that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because part of the operative events occurred in a federal enclave, namely the Hunter Army Airfield in Savannah, Georgia, and pursuant to 28 U.S.C. § 1332 and the Court's diversity jurisdiction. (Id. at

7.) Because Plaintiffs claim diversity jurisdiction as a basis for jurisdiction, this Court reviews the complaint to determine whether complete diversity has been established between the parties. The Court finds that Plaintiffs have failed to adequately plead the citizenship of some of the parties.

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity. See 28 U.S.C. § 1332; Ray v. Bird & Son Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, LP v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of a LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

In this case, the complaint does not include a list of the individual members, along with their citizenships, of Defendant Boeing Sikorsky Aircraft Support, LLC. Rather, the complaint states that Defendant Boeing Sikorsky Aircraft Support, LLC is a "Delaware corporation with its principle [sic] place of business in Clarksville, Tennessee and doing business in Georgia at the Hunter Army Airfield and on this aircraft." (Doc. 1 at 6.) Upon this Court's review of the entity details on file with the State of Delaware's Department of State, Defendant Boeing Sikorsky Aircraft Support, LLC is a limited liability company, not a corporation. As discussed above, the information currently pled in the complaint is not sufficient to establish complete diversity. The Court also notes that Plaintiffs did not clearly allege the citizenship of any of the Plaintiffs. Plaintiffs state that Plaintiff J.N., J.J., W.W., M.P., and C.H. is or was "a member of the United States Army and stationed at Hunter Army Airfield and at all times relevant herein was a member of the Night Stalkers." (Doc. 1 at 4.) Plaintiffs have not alleged the citizenship of these plaintiffs. Likewise, Plaintiffs do not state the citizenship of Plaintiff Amanda Beth Rivera-Lopez or the citizenship of the decedent Emil Rivera-Lopez.

Accordingly, Plaintiffs are **DIRECTED** to file an amended complaint within **fourteen days** from the date of this order. The amended notice should properly include the citizenship of each

party to this case, specifically the names and citizenships of each member of every limited liability company that is a party to this case and the citizenship of each Plaintiff.[2]

SO ORDERED this 27th day of August 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will not accept any amended complaint that incorporates by reference any factual allegation or argument contained in an earlier filing, or offers only a piecemeal amendment. Defendant's amended notice of removal should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.