IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| AMANDA BETH RIVERA-LOPEZ, Individually and as Executor of the Estate of Emil Rivera-Lopez, deceased; J.N.; J.J.; W.W.; M.P.; C.H.; and THEIR SPOUSES;<br><br>Plaintiffs,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION, a Maryland corporation; SIKORSKY AIRCRAFT CORPORATION, now a part of Lockheed Martin, a Delaware corporation; SIKORSKY SUPPORT SERVICES, INC., a Lockheed Martin Company, a Delaware corporation; GENERAL ELECTRIC COMPANY, a New York corporation; HAMILTON SUNDSTRAND CORPORATION, a subsidiary of United Technologies Corporation, a Delaware corporation; and BOEING SIKORSKY AIRCRAFT SUPPORT, LLC, a Delaware corporation;<br><br>Defendants. | CASE NO. CV419-211 |

**O R D E R**

Before the Court is Defendant Hamilton Sundstrand Corporation's ("Hamilton") Motion to Dismiss (Doc. 33), which Plaintiff Amanda Beth Rivera-Lopez, individually and as executor of the estate of Emil Rivera-Lopez, and Plaintiffs J.N., J.J.,

W.W., M.P., C.H.,[1] and their spouses have opposed (Doc. 68).[2] For the following reasons, Hamilton's motion to dismiss (Doc. 33) is **GRANTED**, and Plaintiffs' Amended Complaint (Doc. 5) is **DISMISSED WITHOUT PREJUDICE** with leave to amend.

## BACKGROUND[3]

This case arises from a helicopter crash that occurred during a military training exercise which took place off the coast of Yemen on August 25, 2017. (Doc. 5 at ¶¶ 1, 41-43.) At the time of the crash, Emil Rivera-Lopez, deceased, and Plaintiffs J.N., J.J., W.W., M.P., and C.H. (collectively the "Flight Crew") were all members of the United States Military 160th Special Operations Air Regiment ("SOAR").[4] (Id. at ¶¶ 1, 4, 10-14.) The SOAR Regiment is based at Hunter Army Airfield Base in Savannah, Georgia. (Id. at ¶ 6.)

---

[1] These Plaintiffs are identified by their initials due to their continued involvement in highly sensitive military operations abroad. (Doc. 5 at ¶ 9; Doc. 33 at 3 n.3.)

[2] Perhaps due to the confusing caption in Plaintiffs' Complaint and Amended Complaint, the caption on the Court's electronic filing system inaccurately sets forth the parties to this case. The Clerk of Court is **DIRECTED** to amend the caption on the Court's electronic filing system to conform with the caption the Court has used in this order.

[3] For purposes of this Order, the Court will accept all factual allegations in the Amended Complaint (Doc. 5) as true and construe all allegations in the light most favorable to Plaintiffs. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008).

[4] Plaintiffs also interchangeably refer to SOAR as the "Night Stalkers." (See, e.g., Doc. 1 at ¶ 1.) To avoid confusion, the Court will only refer to the 160th Special Operations Air Regiment as SOAR.

2

On August 25, 2017, the Flight Crew was conducting day into night hoist training with their UH-60M Helicopter (the "Helicopter"). (Id. at ¶¶ 3, 41-43.) As part of this training, the Flight Crew maintained the Helicopter at "training hoist profile which is minimal feet above the water level (AWL) and very slow knots indicated airspeed (KIAS)." (Id. at ¶ 42.) During one of their approaches for a training hoist, while maintaining their training hoist profile, the Helicopter "experienced a #2 engine failure and other malfunctions which caused the aircraft to crash into the ocean." (Id. at ¶ 43.) Emil Rivera-Lopez did not resurface after the crash, and his body was never recovered. (Id. at ¶ 45.) On August 31, 2017, the United States Army declared Rivera-Lopez dead. (Id.) Plaintiffs J.N., JJ., W.W., M.P., and C.H. were all injured in the crash. (Id.)

According to Plaintiffs, the accident was caused, inter alia, due to improper installation of an "injector nozzle T[-]fitting and other parts in the engine[.]" (Id. at ¶ 46.) Additionally, the Helicopter utilized a full authority digital electronic control (FADEC) unit that regulated the input of fuel into the engine. (Id. at ¶ 47.) Plaintiffs allege that the FADEC unit malfunctioned, causing "the engine to go into self-preservation mode and shut itself down[]" and that the FADEC unit's malfunction was also a contributing cause of the Helicopter's crash. (Id.)

3

On August 23, 2019, Plaintiffs filed this action alleging Defendants committed various torts based on their involvement in manufacturing the Helicopter. (Doc. 1.) According to the amended complaint, Defendant Sikorsky Aircraft Corporation, which is now a part of Defendant Lockheed Martin, manufactured, assembled, and modified the Helicopter. (Doc. 5 at ¶ 3.) Defendant Hamilton manufactured, assembled, and installed the FADEC unit. (Id.) Defendant Boeing Sikorsky Aircraft Support developed and implemented the installation and operation manuals for the Helicopter. (Id.) Defendant Boeing Sikorsky Aircraft Support is a joint venture of the Boeing Company,[5] Defendant Sikorsky Aircraft Corporation, and Defendant Sikorsky Support Services, which is also a part of Defendant Lockheed Martin. (Id.) Plaintiffs allege that all Defendants operated and/or worked on the Helicopter at Hunter Army Airfield in Savannah, Georgia, and that all Defendants' conduct contributed to the accident. (Id. at ¶¶ 3, 51, 54.) Defendant Hamilton now moves to dismiss the second amended complaint as an impermissible shotgun pleading, and alternatively, for failure to state a claim. (Doc. 33 at 2-3.)

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that

---

[5] Plaintiffs originally named the Boeing Company as a Defendant, but those claims were subsequently dismissed. (Doc. 79.)

4

the pleader is entitled to relief[.]" "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (alteration in original) (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotation omitted), abrogated on other grounds by Mohamad v. Palestinian Auth., 566 U.S. 449, 132 S. Ct. 1702, 182 L. Ed. 2d 720 (2012). Plausibility does not require probability, "but it asks for more

5

than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotations omitted).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Id. at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation[.]" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1950. Moreover, " 'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1260 (quoting Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556, 127 S. Ct. at 1966).

**ANALYSIS**

As stated previously, Defendant Hamilton moves to dismiss Plaintiffs amended complaint as an improper shotgun pleading. (Doc. 33 at 2, 5.) Specifically, Defendant Hamilton argues that the amended complaint fails to delineate which faults or omissions are being alleged against which defendants. (Id. at 6.) Alternatively, Defendant Hamilton argues that the Plaintiffs fail to state a claim upon which relief can be granted. (Id. at 9.) For the following reasons, the Court finds that the amended complaint is an impermissible shotgun pleading requiring amendment. Therefore, the Court need not, at this point, inquire into the merits of Plaintiffs' claims.

"Shotgun pleadings violate Fed. R. Civ. P. 8's requirement that a complaint contain a short and plain statement of the claim, and courts in this Circuit 'have little tolerance for shotgun pleadings.' " Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020) (per curiam) (citing Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)). "A shotgun pleading makes it difficult, if not impossible, for the Court and defendants to understand what claims are alleged and against which defendant the claims are asserted." See Harper v. Bd. of Pub. Edu. for City of Savannah & Cnty. of Chatham, No. CV420-139, 2021 WL 2556695, at *3 (S.D. Ga. June 22, 2021) (first citing Adams v. Huntsville Hosp., 819 F. App'x 836, 838 (11th Cir. 2020) (per

7

curiam); and then citing <u>Anderson v. Dist. Bd. of Trs. Cent. Fla. Cmty. Coll.</u>, 77 F.3d 364, 366-67 (11th Cir. 1996)). Complaints are typically identified as shotgun pleadings if they contain one of four main categories of deficiencies. <u>See</u> <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (summarizing "four rough types or categories of shotgun pleadings"). Specifically,

> [s]hotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) do not re-allege all the proceeding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against.

<u>Sarhan</u>, 800 F. App'x at 771-72 (internal quotation marks omitted) (citing <u>Weiland</u>, 792 F.3d at 1321-23).

The Court finds that Plaintiffs' amended complaint possesses many of the hallmarks of a shotgun pleading. First, each count of the amended complaint incorporates by reference the allegations of all preceding counts. (<u>See, e.g.</u>, Doc. 5 at ¶ 56.) Complaints utilizing this practice have been described as "quintessential 'shotgun' pleading[s]" and have been routinely condemned for making it difficult for defendants and the Court to ascertain exactly which allegations pertain to which count. <u>Keith v. DeKalb Cnty.</u>, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) (admonishing

8

complaints using this practice for "unnecessarily tax[ing] the time and resources of the District Court as well as the Court of Appeals"). For example, Counts II, III, IV, V, and VI incorporate by reference the allegations of all preceding counts, meaning these counts incorporate many irrelevant factual allegations and legal conclusions. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Additionally, because Count II, the wrongful death and survival count, incorporates all allegations of Count I, the negligence count, but not the allegations of the remaining tort counts, it is unclear whether Plaintiff Amanda Beth Rivera-Lopez seeks wrongful death and survival damages only based on Defendants' negligence and not based on any other alleged misconduct.[6] These are just two examples of the ambiguities created by Plaintiffs' incorporation by reference which, by itself, warrants striking the complaint and requiring Plaintiffs to replead. Kirby v. Highland Banc, Inc., No.

---

[6] Plaintiffs also confusingly refer to "Decedents" in their claim for wrongful death and survival damages, although the factual allegations in the amended complaint indicate that Emil Rivera-Lopez is the only decedent. (Doc. 5 at 9, 13.) This is indictive of form drafting replete with boilerplate allegations and conclusions which is insufficiently tailored to the facts of the case. See Knights v. U.S. Bank Home Mortg., No. 1:10-CV-02787-TWT-AJB, 2010 WL 11647663, at *1 (N.D. Ga. Oct. 14, 2010) (dismissing and requiring amendment of complaint "patterned after a boilerplate complaint" which "was nothing more than a shotgun pleading"); Gharfeh v. Carnival Corp., 309 F. Supp. 3d 1317, 1332-33 (S.D. Fla. 2018) (discouraging the use of "fact-free, wholly conclusory, boilerplate allegations").

9

6:12-cv-14000-Orl-18TBS, 2012 WL 5417131, at *1 (M.D. Fla. Oct. 1, 2012) (striking complaint and requiring plaintiffs to replead for use of incorporation by reference); cf. Amin v. Mercedes-Benz USA, LLC, 349 F. Supp. 3d 1338, 1350-51 (N.D. Ga. 2018) (declining to dismiss complaint for utilizing incorporation by reference where court had already previously ruled on motion to dismiss and it was clear the defendant understood the specific claims raised in the complaint).

Yet, incorporation by reference is not the only flaw in the amended complaint. As Defendant Hamilton highlights, Plaintiffs' causes of action include blanket allegations that Defendants' collective conduct caused the Helicopter to crash without explaining which factual allegations support each claim against each of the Defendants. (Doc. 33 at 7-8.) Relevant to Defendant Hamilton, it is unclear whether Plaintiff is alleging that Defendant Hamilton is only liable for defects in the FADEC unit which they manufactured or that they are jointly liable for any defect that occurred in the Helicopter. Drummond v. Zimmerman, 454 F. Supp. 3d 1210, 1217 (S.D. Fla. 2020) (dismissing shotgun pleading that included counts brought against multiple defendants without "specifying what conduct each [d]efendant contributed to the cause"); Harper, 2021 WL 2556695, at *4 (noting that plaintiff "fail[ed] to explain which violations appl[ied] to which of the named defendants"). Finally, under the heading "Punitive Damages

10

According to Proof," Plaintiffs seek not only punitive damages but also compensatory damages such as "costs of Decedent's funeral," which are clearly not applicable to each of the Plaintiffs. For these reasons, the Court finds that the amended complaint must be dismissed as a shotgun pleading. However, the Court will give Plaintiffs one last opportunity to file a complaint that satisfies the pleading requirements of the Federal Rules of Civil Procedure. See Vibe Micro, 878 F.3d at 1295 ("In these cases, even if the parties do not request it, the district court should strike the complaint and instruct [the plaintiff] to replead the case . . . ." (quotation omitted)).

## CONCLUSION

For the foregoing reasons, Defendant Hamilton's motion to dismiss (Doc. 33) is **GRANTED,** and Plaintiffs' amended complaint (Doc. 5) is **DISMISSED WITHOUT PREJUDICE**. Further, the Court **DIRECTS** Plaintiffs to file a new amended complaint within **twenty-one (21) days** of this order. This complaint should clearly and succinctly set forth, without incorporation by reference of irrelevant allegations, each cause of action Plaintiffs allege against each Defendant. Plaintiffs should also clearly identify which factual allegations they allege support their claims against each individual Defendant, and if multiple Defendants are alleged to be jointly liable for the same conduct, the complaint should so indicate. Plaintiffs should also identify which claims for

11

damages, whether wrongful death, survival, or otherwise, apply to which Plaintiffs. Lastly, the new complaint should clearly identify each Plaintiff to this action, rather than referring to multiple plaintiffs as "the Spouses."

SO ORDERED this 25th day of April 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA