# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| AMANDA BETH RIVERA-LOPEZ, ) Individually and as Executor of ) the Estate of EMIL ) RIVERA-LOPEZ, deceased; ) J.N.; J.J.; W.W.; M.P.; and C.H., ) ) Plaintiffs, ) ) v. ) ) GENERAL ELECTRIC ) COMPANY, ) ) Defendant. ) | CV419-211 |

## ORDER

The Court previously granted the parties' joint request to stay discovery pending disposition of two motions to dismiss and extended their deadline to file a Rule 26(f) Report until after the dispositions. Doc. 72 at 1-2 (Motion); doc. 74 at 2 (Order).[1] The District Judge disposed of both motions to dismiss. Doc. 79 at 2 (dismissing Defendant The Boeing Company's ("Boeing") motion to dismiss as moot after Boeing was

---

[1] The Court's Order did not set a deadline for the parties to file a Rule 26(f) Report. *See* doc. 72 at 3 (jointly requesting leave to file a Rule 26(f) Report "following the resolution of the pending motions to dismiss"); doc. 74 at 2 (granting "the parties' motion and extend[ing] all deadlines accordingly").

dismissed from the case); doc. 93 at 11 (granting Defendant Hamilton Sunstrand Corporation's ("Hamilton") motion to dismiss). In his Order granting Hamilton's motion to dismiss, the District Judge directed Plaintiffs to file an amended complaint. Doc. 93 at 11. They complied and filed an Amended Complaint asserting claims against only Defendant General Electric Company ("GE"). Doc. 94 at 1. GE filed a motion to dismiss the Amended Complaint, which is currently pending before the District Judge. Doc. 95.

The remaining parties have not filed a Rule 26(f) Report. *See generally* docket. Pursuant to the Court's prior Order, doc. 74 at 2, the parties are **DIRECTED** to confer pursuant to Federal Rule of Civil Procedure 26(f) and submit a Rule 26(f) Report no later than August 18, 2022. If any party seeks to stay discovery pending disposition of GE's motion to dismiss, doc. 95, they must file any motion to stay by August 18, 2022.

Additionally, GE filed an unopposed request seeking leave to file an exhibit to its reply in support of its motion to dismiss, doc. 106, under seal. Doc. 105 at 3. The portions of GE's reply quoting the exhibit are currently redacted, *see* doc. 106 at 10-12; GE also requests leave to file an

unredacted version of that reply under seal. Doc. 105 at 3.[2] For the following reasons, the motion is **DENIED, without prejudice**. Doc. 105.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law

---

[2] GE included a "placeholder" exhibit as an attachment to its reply on the docket pending the Court's disposition of its motion to seal. *See* doc. 106-1. GE provided unredacted versions of the exhibit and reply to the Court via email.

right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted).

A party seeking to have judicial records sealed can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

GE justifies its sealing request by explaining that when the United States Army ("Army") produced the document at issue during discovery, it marked it as "CONFIDENTIAL and SUBJECT TO PROTECTIVE ORDER." Doc. 105 at 2. GE notes that the parties' Consent Protective Order, doc. 92, provides that Army documents with that designation "shall be filed under seal[.]" Doc. 105 at 2-3 (quoting doc. 92 at 12). The parties' consent, however, is not alone sufficient for GE to meet its "good cause" burden. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (finding that parties "do not have the right to agree to seal what were public records."); *see also* doc. 92 at 2 (the Consent Protective Order provides that "[n]othing in this protective order shall be

construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.").

GE also provides conclusory citations to the Privacy Act (5 U.S.C. § 552a),³ Fed. R. Civ. P. 5.2, and S.D. Ga. L. Civ. R. 79.7, but does not explain why those authorities justify sealing. *See generally* doc. 105. While the information in the exhibit and redacted information in the reply may be subject to protection, without more detailed argument addressing the specific information at issue, the Court cannot determine what should be sealed and what should not. Therefore, GE's Unopposed

---

³ "The Privacy Act provides generally that '[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains,' unless one of the listed exceptions applies." *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 2018 WL 11352150, at *4 (D. Alaska Sept. 17, 2018) (quoting 5 U.S.C. § 552a(b)). Courts have held that parties justifying seal requests under the Privacy Act must provide more than a conclusory statement that documents must be sealed pursuant the statute. *See, e.g.*, *Laber v. United States Dep't of Def.*, 2022 WL 1773307, at *2 (D. Kan. June 1, 2022) (rejecting plaintiff's request to generally seal documents marked as subject to the Privacy Act, since he still needed to show "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process[.]" (quotations and citations omitted)); *Jordan v. Nielsen*, 2019 WL 2209399, at *5 (S.D. Cal. May 22, 2019) (conclusory argument that "the information and records are arguably subject to the privacy protections of the Privacy Act" is insufficient to justify sealing); *Drummond v. Mabus*, 2016 WL 4007583, at *2 (E.D.N.C. July 26, 2016) (Since "Defendant's motion to seal the investigative file in its entirety [pursuant to the Privacy Act] implicates the right of access under the First Amendment", Defendant must still "provide[ ] sufficient argument under the First Amendment to support sealing the entire file.").

Motion to Seal is **DENIED, without prejudice**.  Doc. 105.  If GE wishes to renew its motion to submit the filings under seal, that renewed motion must contain the particularized analysis required for that relief.  To ensure that the District Judge's consideration of the pending motion to dismiss, doc. 95, is not disrupted, GE is **DIRECTED** to file any renewed motion to seal, or file a notice withdrawing the exhibit from consideration for purposes of the motion to dismiss, no later than fourteen days from the date of this Order.

    **SO ORDERED**, this 4th day of August, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA