UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| AMANDA BETH RIVERA-LOPEZ, Individually and as Executor of the Estate of EMIL RIVERA-LOPEZ, deceased; J.N.; J.J.; W.W.; M.P.; and C.H., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CV419-211 |
| GENERAL ELECTRIC COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Defendant General Electric Company's ("GE") motion to dismiss the Amended Complaint, doc. 94, is pending before the District Judge. Doc. 95. The Court directed the parties to either confer and submit a Rule 26(f) Report, or file a motion to stay discovery pending disposition of the motion to dismiss. Doc. 107 at 2. The parties subsequently filed a Joint Motion to Stay Discovery. Doc. 108. For good cause shown, the joint request for a discovery stay is **GRANTED, in part** and **DENIED, in part**. Doc. 108.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n.2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D.

Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6. "[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

The parties jointly move for a discovery stay, and they do not indicate that they would be prejudiced by a stay. *See generally* doc. 108. Upon preliminary review, the motion to dismiss does not appear to be meritless. *See* doc. 95; *see also Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss is not "meritless on its face"). Additionally, a ruling on the motion to dismiss could be case-dispositive. *See* doc. 95 at 1 (requesting dismissal of "all Plaintiffs' claims against [GE.]"). On balance, then, a stay is appropriate.

The parties' Joint Motion to Stay Discovery is **GRANTED, in part**, doc. 108, and all deadlines in this case are **STAYED** pending disposition of the motion to dismiss, doc. 95. Upon disposition of the motion to

dismiss, doc. 95, the Clerk is **DIRECTED** to lift the stay. If the case remains pending after disposition of the motion to dismiss, the parties are **DIRECTED** to confer and submit a Rule 26(f) Report no later than fourteen days from the date of the Order disposing of the motion to dismiss.

The joint motion also requests that "all deadlines . . . including . . . deadlines in the Court's August 4, 2022 Order[, doc. 107] . . . be stayed" pending disposition of the motion to dismiss. Doc. 108 at 3-4. In that Order, the Court denied GE's unopposed request for leave to file an exhibit to its reply in support of its motion to dismiss, doc. 106, under seal. Doc. 107 at 2-3. The Court directed GE to "file any renewed motion to seal, or file a notice withdrawing the exhibit from consideration for purposes of the motion to dismiss, no later than [August 18, 2022]." *Id.* at 6-7. Since the exhibit and reply are relevant to the District Judge's disposition of the motion to dismiss, to the extent the parties seek a stay of that deadline, that request is **DENIED**. Doc. 108, in part. GE is still **DIRECTED** to file any renewed motion to seal, or file a notice

withdrawing the exhibit from consideration for purposes of the motion to dismiss, no later than August 18, 2022.

**SO ORDERED**, this 9th day of August, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA